## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF VIRGINIA
#### Richmond Division

**TYRONE B. HENDERSON, SR.**
**and**
**CAROLYN WITT,**
on behalf of themselves and all
others similarly situated,



      Plaintiffs,

v.

                                  Civil Action No: 3 : 14cv82

**HR PLUS,**

**SERVE:**    **SECRETARY OF THE COMMONWEALTH**
               **Service of Process Department**
               **P.O. Box 2452**
               **Richmond, VA 23218-2452**

               **Defendant.**

### CLASS COMPLAINT

COME NOW, the Plaintiffs, **TYRONE B. HENDERSON, SR.** and **CAROLYN WITT**

on behalf of themselves and all similarly situated individuals, and for their Class Complaint they

state as follows:

### INTRODUCTION

1.    Tyrone B. Henderson, Sr. and Carolyn Witt (hereinafter "Plaintiffs",

"Henderson", "Witt") bring this class action against Defendant to obtain relief for themselves

and on behalf of the class they propose to represent for violations of the Federal Fair Credit

Reporting Act (FCRA), 15 U.S.C. 1681, *et seq.*

2.    This case is related to that case pending on behalf of Henderson and a putative

class against CoreLogic, National Background Data ("CoreLogic"), Civil Action No. 3:12cv97. Each of the putative class members in this case is also a member of the pending CoreLogic case. Defendant HR PLUS ("Defendant" or "HR Plus") purchased its data from CoreLogic.

3.    Defendant HR Plus operates as a consumer reporting agency to prepare and furnish consumer reports for employment and other purposes. Defendant furnished these consumer reports to prospective and existing employers of the Plaintiffs and the putative class. Many of these employers did thereafter refuse to hire or take other adverse action against Plaintiffs and other consumers based in whole or in part on the consumer reports.

4.    Both Plaintiffs were the subjects of consumer reports – criminal background checks – that were sold by the Defendant and that contained a record of a felony that belonged to a total stranger and was improperly matched to the Plaintiffs' identities.

5.    Plaintiffs allege a class claim under 15 U.S.C. § 1681k because Defendant did not provide Plaintiffs and other similarly situated consumers timely and lawful notice that it was furnishing an employment purposed consumer report at the time it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and as appropriate correct information in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer. Defendant's failure to comply with these long standing requirements denied the Plaintiffs and each putative class member these important rights.

6.    Henderson and Witt also allege an individual claim under 15 U.S.C. § 1681e(b),

2

which required that Defendant use "reasonable procedures to assure maximum possible accuracy" in the publication of a consumer report.

7.     Witt also alleges a violation of 15 U.S.C. § 1681i(a) because HR Plus refused to investigate and correct the inaccurate information reported regarding Witt even after she made a direct dispute.

## JURISDICTION AND VENUE

8.     The Court has jurisdiction under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C. § 1331.  Venue is proper in this Court under 28 U.S.C. § 1391(b) as the Defendant regularly does business in the district and division.

9.     Plaintiff Henderson is a citizen of Richmond, Virginia and maintains all of the documents relevant to this dispute at his home in Richmond, Virginia.

10.    Plaintiff Witt is a citizen of Virginia and resides in this District.

## PARTIES

11.    Plaintiffs are "consumers" as protected and governed by the FCRA.

12.    Defendant HR Plus operates as a "consumer reporting agency" as defined and governed by the FCRA.  It also operates as a "reseller" of consumer report data.

13.    Third party CoreLogic is also a consumer reporting agency that sells consumer reports on a wholesale basis to HR Plus for employment purposes.

## FACTUAL ALLEGATIONS FOR HENDERSON

14.    On or about October 1, 2009, HR Plus obtained a wholesale consumer report regarding Henderson from CoreLogic.

15.    Henderson first learned, through discovery obtained in 2013 regarding Henderson

3

in the pending CoreLogic case, that HR Plus had obtained this CoreLogic report and furnished it and additional information. Prior to that date, he had no idea of the process and procedure used by HR Plus to furnish and provide consumer reports, including whether or not they might have complied with all aspects – or any aspects – of the FCRA.

16.    When HR Plus requested Henderson's file from CoreLogic, it did so for an employment purpose.

17.    When HR Plus requested Henderson's file from CoreLogic, Defendant provided only the first and last name of the Plaintiff and his date of birth.

18.    The HR Plus report contained inaccurately attributed criminal records that did not belong to the Plaintiff.

19.    The HR Plus public records contained in the Henderson report were in the category of records likely to have an adverse effect on a consumer's employment.

20.    HR Plus did not send Plaintiff a contemporaneous notice at the time it furnished Plaintiff's report.

21.    The public records sold and included by Defendant were incomplete, as they did not contain a social security number.

## FACTUAL ALLEGATIONS FOR WITT

22.    On or about February 16, 2012, Witt interviewed for employment with CMA CGM, Inc. CMA offered Witt a position of Expert Documentation Coordinator.

23.    On or about February 21, 2012, CMA provided a formal, written job offer, subject to a background check being conducted.

24.    On or about February 22, 2012, CMA requested a background check from

4

Defendant.

25.     Immediately thereafter and in accordance with Defendant's standard procedures, HR Plus ordered a wholesale consumer report from third party CoreLogic, which was then incorporated with Defendant's report furnished to CMA.

26.     Within the HR Plus report, Defendant furnished several "hits" attributed to Witt, including purported criminal conviction public records contained within the HR Plus, and/or CoreLogic "National Criminal Database."

27.     The HR Plus public records contained in the Witt report were in the category of records likely to have an adverse effect on a consumer's employment

28.     The records did not belong to the Witt. They regarded an unrelated woman with a similar surname and different race.

29.     HR Plus did not send Witt a contemporaneous notice at the time it furnished her report.

30.     The public records sold and included by Defendant were incomplete, as they did not contain a social security number.

31.     The HR Plus report was furnished immediately to the employer who by contract had access to (and did review) this report even before Defendant had completed creation of other components in the report.

32.     On February 27, 2012, Plaintiff began her employment with CMA.

33.     On February 29, 2012, after arriving at work, Witt was called into the office of the Human Resources Manager and was informed that she had an extensive criminal history, which included several felonies and a prison sentence. Plaintiff quickly informed the Human Resources

5

Manager that she did not have any type of criminal history, felony convictions and has never served time in prison. Plaintiff further informed the Human Resources Manager that the information provided to it by HR Plus was false. Plaintiff was terminated from her employment with CMA.

34.     On February 29, 2012, Witt obtained a letter from the City of Virginia Beach Police Department stating that a police record check reflected that the Plaintiff had no criminal convictions in the City of Virginia Beach Virginia. She was able to obtain these records from the Police Department without any delay or difficulty and simply by asking.

35.     On March 5, 2012, HR Plus finally mailed a copy of the consumer report to Witt pursuant to 15 U.S.C. §1681g.

36.     The consumer disclosure of Witt's file that HR Plus provided did not contain the source of the information provided by CoreLogic.   (It did not disclose that CoreLogic provided the report information).

37.     In creating and furnishing the Witt's consumer reports, Defendant failed to follow reasonable procedures to assure that the report was as accurate as maximally possible.  For example, it allowed and/or used very loose match criteria to determine whether to include information pertaining to a stranger of a different race within Plaintiff's consumer report.

38.     Defendant's failure to follow these reasonable procedures was a substantial factor in the termination of Witt's employment and other related actual harm she suffered.  As a result of the consumer report, CMA terminated Plaintiff's employment.

### ALLEGATIONS AS TO THE CLASS

39.     On information and belief, the Plaintiffs allege that it is Defendant's standard

6

procedure not to forward consumer disputes back to the wholesale seller of the consumer report, CoreLogic.

40.    Despite providing a report for employment purposes to Plaintiffs' and putative class members' prospective employers containing public record information likely to have an adverse affect upon their ability to obtain or maintain employment, Defendant failed to provide notice "at the time" of the fact that the public record information was being reported by it, together with the name and address of the person(s) to whom such information was being reported.

41.    On information and belief, Plaintiffs allege that Defendant did not attempt for any consumer to follow the option available at 15 U.S.C. § 1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (e.g. the Court clerk) immediately before furnishing a report which includes such information and to furnish other than incomplete public records lacking all necessary information. Title 15 U.S.C. § 1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

42.    Defendant knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission.

43.    Defendant obtained or had available substantial written materials that apprised it of its duties under the FCRA.

44.    Despite knowing of these legal obligations, Defendant acted consciously in breaching its known duties and deprived Plaintiffs and other members of the class of their rights under the FCRA.

7

45.    Plaintiffs allege that Defendant's conduct as alleged herein was consistent with its established and systematically executed procedures and policies for compliance with the FCRA.

## CLAIMS FOR RELIEF

### COUNT I - VIOLATION OF THE FCRA § 1681k(a)(1)
### (CLASS ACTION)

46.    Plaintiffs reiterate each of the allegations in the preceding paragraphs as if set forth at length herein.

47.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs brings this action for themselves and on behalf of a class (the "1681k Class") initially defined as follows:

> All natural persons residing in the United States (a) who were the subject of a report sold by HR Plus, (b) where HR Plus' system indicates that it was furnished for an employment purpose, (c) where the HR Plus system showed that the report contained at least one adverse criminal record "Hit", (d) within five years next preceding the filing of this action and during its pendency.

Excluded from the class definition are any employees, officers, directors of Defendants, any attorney appearing in this case, and any judge assigned to hear this action.

48.    **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

49.    **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendant's uniform conduct and procedures, whether Defendant sent the required notices, when it did so and whether Defendant

8

acted willfully in its failure to design and implement procedures to assure compliant delivery and/or timing of these notices. Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question.

50.    **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiffs' claims are typical of the claims of each Class member. Plaintiffs seek only statutory and punitive damages. In addition, Plaintiffs are entitled to relief under the same causes of action as the other members of the Class.

51.    **Adequacy.** Plaintiffs are adequate representatives of the Class because their interests coincide with, and are not antagonistic to, the interests of the members of the Class they seek to represent, they have retained counsel competent and experienced in such litigation, and they intend to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4). Plaintiffs and their Counsel will fairly and adequately protect the interests of members of the Class.

52.    **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By

contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

53.    **Injunctive Relief Appropriate for the Class.**  Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiffs and the Class members. FED. R. CIV. P. 23(b)(2).

54.    Defendant's failure to timely provide the required FCRA notices to the Plaintiffs and other members of the putative class violated 15 U.S.C. § 1681k(a)(1).

55.    The conduct, action, and inaction of Defendant were willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

56.    Plaintiffs and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

57.    As a result of these FCRA violations, Defendant is liable to Plaintiffs and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

## COUNT II - VIOLATION OF THE FCRA § 1681g(a)(2)
## (CLASS ACTION)

58.    Plaintiffs reiterate each of the allegations in the preceding paragraphs as if set

10

forth at length herein.

59.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs brings this

action for themselves and on behalf of a class (the "1681g Class") initially defined as follows:

> All natural persons residing in the United States (a) to whom HR Plus provided a
> consumer disclosure, (b) where the consumer disclosure contained one or more
> criminal record "hits" in the "National Criminal Database" section of the report
> (c) where HR Plus did not therein disclose the information that it received from
> CoreLogic or other wholesale provider, (d.) within five years next preceding the
> filing of this action and during its pendency.

Excluded from the class definition are any employees, officers, directors of Defendants, any

attorney appearing in this case, and any judge assigned to hear this action.

60.     **Numerosity. FED. R. CIV. P. 23(a)(1).** The Class members are so numerous that

joinder of all is impractical. The names and addresses of the Class members are identifiable

through documents maintained by the Defendant, and the Class members may be notified of the

pendency of this action by published and/or mailed notice.

61.     **Existence and Predominance of Common Questions of Law and Fact. FED.**
**R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class.

Without limitation, the total focus of the litigation will be Defendant's uniform conduct and

procedures, whether Defendant's process was to make the mandated disclosures, how it did so

and whether Defendant acted willfully in its failure to design and implement procedures to assure

compliant delivery of this information.  Even the appropriate amount of uniform statutory and/or

punitive damages under 15 U.S.C. §1681n is a common question.

62.     **Typicality. FED. R. CIV. P. 23(a)(3)).** Plaintiffs' claims are typical of the claims

of each Class member.   Plaintiffs seek only statutory and punitive damages. In addition,

Plaintiffs are entitled to relief under the same causes of action as the other members of the Class.

63. **Adequacy.** Plaintiffs are adequate representatives of the Class because their interests coincide with, and are not antagonistic to, the interests of the members of the Class they seek to represent, they have retained counsel competent and experienced in such litigation, and they intend to prosecute this action vigorously. FED. R. CIV. P. 23(a)(4). Plaintiffs and their Counsel will fairly and adequately protect the interests of members of the Class.

64. **Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. FED. R. CIV. P. 23(b)(3). The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

65. **Injunctive Relief Appropriate for the Class.** Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate

equitable injunctive relief with respect to Plaintiff and the Class members. FED. R. CIV. P. 23(b)(2).

66.     Defendant's failure to timely provide the required FCRA disclosure of the actual "source of the information" (CoreLogic) to the Plaintiffs and other members of the putative class violated 15 U.S.C. § 1681g(a)(2).

67.     The conduct, action, and inaction of Defendant were willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

68.     Plaintiffs and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

69.     As a result of these FCRA violations, Defendant is liable to Plaintiffs and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

## COUNT III - FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681e(b)
## (INDIVIDUAL CLAIMS)

70.     Plaintiffs reiterate each of the allegations in the preceding paragraphs as if set forth at length herein.

71.     Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer reports it furnished regarding the Plaintiffs.

13

72. As a result of this conduct by the Defendant the Plaintiffs suffered actual damages, including without limitation, by example only and as described herein on their behalf by counsel: loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

73. Defendant's violations of 15 U.S.C. § 1681e(b) were willful, rendering Defendant liable pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendant was negligent entitling the Plaintiffs to recover under 15 U.S.C. § 1681o.

74. The Plaintiffs are entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from the Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, Plaintiffs and the Class Members pray for relief as follows:

a. That an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and their counsel to represent the Classes;

b. That judgment be entered for Plaintiffs individually against Defendant for actual and/or statutory damages and punitive damages for violation of 15 U.S.C. §§ 1681e(b), pursuant to 15 U.S.C. §§ 1681n and 1681o;

c. That judgment be entered for the class against Defendant for statutory damages and punitive damages for violation of 15 U.S.C. §§ 1681k(a) and 1681g(a)(2), pursuant to 15 U.S.C. § 1681n. That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and,

    d.    That the Court grant such other and further relief as may be just and

proper.

TRIAL BY JURY IS DEMANDED.

<div style="margin-left:40%">

**TYRONE HENDERSON and
CAROLYN WITT,
For themselves and on behalf of all
similarly situated individuals.**

By: _____

Dale W. Pittman
VSB #15673
Attorney for Plaintiff
The Law Office of Dale W. Pittman, P.C.
112-A W Tabb Street
Petersburg, VA 23803-3212
Telephone: (804) 861-6000
Fax: (804) 861-3368
Email: dale@pittmanlawoffice.com

Leonard A. Bennett
VSB #37523
Attorney for Plaintiff
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, VA 23601
Phone: (757) 930-3660
Fax: (757) 930-3662
Email: lenbennett@clalegal.com

Susan Mary Rotkis, Esq.
VSB #40693
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
E-mail:  srotkis@clalegal.com

</div>

Jeremiah A. Denton, III, VSB# 19191
477 Viking Drive, Suite 100
Virginia Beach, VA  23452
(757) 340-3232 – Telephone
(757) 340-4505 - Fax
E-mail:  jerry@jeremiahdenton.com