IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| Tyrone B. Henderson, Sr., and Carolyn Witt, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AlliedBarton Security Services LLC. d/b/a HR Plus,<br><br>Defendant. | Civil Action No. 3:14CV82 |

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on a Motion by Plaintiffs, Tyrone B. Henderson Sr. and Carolyn Witt, (hereinafter referred to as "Plaintiffs" or "Class Representatives"), with the consent of Defendant, AlliedBarton Security Services, LLC., (hereinafter referred to as "Defendant" or "AlliedBarton") (hereinafter jointly referred to as the "Parties"), for Preliminary Approval of the Class Action Settlement Agreement in the above-captioned matter ("Lawsuit"). The Parties have submitted a Stipulation of Settlement Agreement ("Agreement"), attached hereto as Exhibit A, that the Court has reviewed, and finds that it is just and proper that the Agreement be approved.

Based upon the Agreement, the record and exhibits herein, and it appearing to the Court that upon preliminary examination, that the proposed settlement appears to be fair, reasonable, and adequate, and that a fairness hearing on the matter should and will be held on June 10, 2015, at 2:00 p.m., after notice to the Class Members, to confirm that the

18759681v.1

1

proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit:

It is hereby ORDERED:

1. The Court finds that it has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto for purposes of settlement only.

2. Class Members – For settlement purposes only, and in accordance with Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified as a class action on behalf of the following class of Plaintiffs (hereinafter referred to as the "Class Members"):

> All natural persons residing in the United States (including all territories and other political subdivisions of the United States) (a) who were the subject of a report sold by HR Plus, (b) that HR Plus' system indicates that it was furnished for an employment purpose, (c) where HR Plus system showed that the report contained at least one record of adverse criminal record "Hit," (d) within two years next preceding the filing of this action up to and including September 30, 2013.

There are approximately 22,000 members of the Settlement Class.

3. Class Representative and Class Counsel – For settlement purposes only, and in accordance with Fed. R. Civ. P. 23, the Court preliminarily certifies Plaintiffs Tyrone B. Henderson, Sr. and Carolyn Witt as the Class Representatives. The Court preliminarily approves Mr. Leonard A. Bennett, Mr. Matthew Erausquin, Mr. Dale W. Pittman, Ms. Susan M. Rotkis, Ms. Casey Nash, and Mr. Jeremiah Denton III as Class Counsel.

4. Preliminary Class Certification – For settlement purposes only, the Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

  a. The Class Members are so numerous that joinder of all of them in the Lawsuit is reasonably impracticable;

  b. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

  c. The claims of the Plaintiffs are typical of the claims of the Class Members;

  d. The Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

  e. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to the other available methods for a fair an efficient adjudication of this controversy.

  5. For settlement purposes only, the Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement appears preliminarily in all respects fundamentally fair, reasonable, adequate and in the best interest of the Class members, especially in light of the benefits to the Class Members, the strength of the Plaintiff's case, the complexity, expense, and probably duration of further litigation, the risk and delay inherent in possible appeals, the risk of collecting any judgment obtained on behalf of the class, and the limited amount of any potential total recovery for the class.

  6. The Third-Party Class Action Administrator – The parties are authorized to retain a mutually agreeable third party administrator (the "Class Administrator") to assist in the administration of the settlement and the notification to Class Members. The Settlement Fund shall be used to pay the costs and expense for the Class Administrator,

subject to the terms of the Stipulation of Settlement. The Class Administrator will be responsible for mailing the approved class action notices to the Class Members. A separate checking account (hereafter "the Escrow Account") will be established by the Class Administrator for purposes of depositing the Settlement Funds for the purposes described in the Stipulation of Settlement.

7. AlliedBarton shall pay $100,000 into the Escrow Account within ten (10) calendar days of the date of this Preliminary Approval Order. After the date the Preliminary Order became Final, with either no appeals filed or, if appeals were filed, the Final Approval Order is affirmed in its entirety, Allied Barton will pay $2,300,000 into the Escrow Account with ten (10) business days. The settlement checks shall issue from the Settlement Account only and the Class Administrator will verify that the settlement checks were mailed. The Class Administrator is permitted to obtain information governed by the Fair Credit Reporting Act for the sole purpose of locating current addresses of class members, pursuant to 15 U.S.C. § 1681b(a)(1).

8. Notice – The Court approves the form and substance of the written notices of class action settlement, in the forms agreed to by the Parties, attached hereto as Exhibit B.

9. Any member of any of the Classes who wishes to be excluded from his or her respective Class shall mail a written notice of exclusion to Class Counsel so that it is received no later than May 1, 2015.

10. Within ten days prior to the Final Fairness Hearing, Class Counsel shall file with the Court (a) any memoranda or other materials in support of final approval of the settlement; and (b) the Fee Petition.

11. If the Stipulation of Settlement is terminated or is not consummated for any reason whatsoever, the certification of the Classes shall be void, and Plaintiffs and Defendant shall be deemed to have reserved all their respective rights to propose or oppose any and all class certification issues.

12. Neither this Order nor the Stipulation of Settlement shall constitute any evidence or admission of liability by AlliedBarton, or an admission regarding the propriety of any certification for any particular class for purposes of litigation, nor shall they be offered in evidence in this or any other proceeding except to consummate or enforce the Settlement Agreement or the terms of this Order, or by Defendant in connection with any action asserting any claim of release.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 16, 2015

**WE ASK FOR THIS:**

/s/ Leonard Bennett
_____
Leonard Anthony Bennett (VSB 37523)
Susan M. Rotkis (VSB 40693)
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News VA 23601
757-930-3660
757-930-3662 (fax)
lenbennett@clalegal.com
srotkis@clalegal.com

Dale Wood Pittman (VSB 15673)
Law Offices of Dale W. Pittman
The Eliza Spottswood House
112-A West Tabb Street
Petersburg, VA 23803
dale@pittmanlawoffice.com

Matthew James Erausquin
Casey Shannon Nash
Consumer Litigation Associates PC (Alex)
1800 Diagonal Rd
Suite 600
Alexandria, VA 22314
703-273-7770 - Telephone
1-888-892-3512 - Facsimile
casey@clalegal.com
matt@clalegal.com

Jeremiah A. Denton III
477 Viking Drive
Suite 100
Virginia Beach, VA 23452
(757) 340-3232 - Telephone
(757) 340-4505 - Facsimile
jerry@jeremiahdenton.com

*Counsel for Plaintiff*

/s/ Taron K. Murakami
_____
Taron Kato Murakami (VSB #71307)
Seyfarth Shaw LLP
975 F Street, NW
Washington, DC 20004-1454
Email: tmurakami@seyfarth.com

Pamela Q. Devata
Seyfarth Shaw LLP (IL-NA)
131 S Dearborn St
Suite 2400
Chicago, IL 60603-5577
Email: pdevata@seyfarth.com

David J. Rowland
Seyfarth Shaw LLP (IL-NA)
131 S Dearborn St
Suite 2400
Chicago, IL 60603-5577
Email: drowland@seyfarth.com

Jennifer Ann Riley
Seyfarth Shaw LLP (IL-NA)
131 S Dearborn St
Suite 2400
Chicago, IL 60603-5577
Email: jriley@seyfarth.com

John Wesley Drury
Seyfarth Shaw LLP (IL-NA)
131 S Dearborn St
Suite 2400
Chicago, IL 60603-5577
Email: jdrury@seyfarth.com

*Counsel for Defendant*